UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUICKEN LOANS,

        Plaintiff(s),                CASE NO.: 2:07-CV-13143

vs.                                  HON. BERNARD A. FRIEDMAN
                                        MAG. JUDGE STEVEN D. PEPE

MELISSA JOLLY, ET. AL.,

        Defendant(s).
_____/

**OPINION AND ORDER REGARDING DEFENDANT TRI-COUNTY TITLE'S
MOTION SEEKING TO CONDUCT DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE
AND
FOR LEAVE TO ADDITIONAL INTERROGATORIES (DKT. # 21)**

        Plaintiff, Quicken Loans, alleges in its July 17, 2007, Complaint that the Defendants conspired, in violation of the Racketeer Influenced Corrupt Organizations Act (RICO) to defraud Plaintiff by misrepresenting the value of 16 homes acquired by Defendant, Melissa Jolly, from Defendants Marva Brooks and/or Ronald Townsend (Dkt. # 1). Plaintiff alleges that Defendants Stewart Title, Strebor Title and Tri-County Title Agency, Inc. were the closing and escrow agents who either knew or should have known the fraudulent nature of the transactions, but still closed on the sales.

        Tri-County Title filed this motion seeking to conduct discovery prior to the Rule 26(f) conference and for leave to conduct more than 25 written interrogatories (Dkt. # 21).[1] Because

---

[1] At the start of the hearing, because a hard copy of the motion and response had not been been received, inquiry was made whether they had been submitted. Counsel for Tri-County Title noted she had filed in compliance with the Local Rules of this Court. Paragraph (c) " Judge's Copies" under Local Court Rule LR 5.1.1 on Filing and Service by Electronic Means notes:

the Rule 26(f) conference was scheduled to be November 14, 2007, at today's hearing on this motion the parties agreed the first issue was moot.  Regarding the need for additional discovery, while acknowledging that the 25 interrogatory limit may be too restrictive for a case of this complexity, Plaintiff objected that  Tri County Title's discovery requests had failed to make an effort to focus its early discovery efforts.  Specifically, it objected to the improper use of requests for admissions and related interrogatories and document requests.

> For example, Tri-County Title has propounded 56 interrogatories and 44 requests for admission, many of which are "contention" style discovery requests. (*See*, *e.g.*, requests for admission number 23, 24, 25, 27, 31, and 32, and interrogatories number 7, 8, 24, 25, 26, 27, 30, 32, 33, 35, 39, and 40 set forth in Exh. A to Tri-County Title's Motion).  (*See* Exh. A of Tri-County Title's Motion.)

Review of requests to admit 19, 20, 21, 22, 23 ,24, 25, 26, and 27 demonstrates that they are nothing more than requests that Plaintiff admit to the mixed factual and legal conclusion that each of the elements on various claims in Plaintiff's complaint are wrong, and if this is not

---

> (1) Requirement. ***The court's web site specifies those papers that each judge requests be provided directly to the judge as a judge's copy.*** Judge's copies otherwise need not be provided unless the judge specifically requests them.
>
> (2) Form. The judge's copy must have the Notice of Electronic Filing attached to the front.
>
> (3) Submission to Judge. The judge's copy must be submitted directly to the judge's chambers, not to the clerk's office. Furnishing a judge's copy is not filing.

(Emphasis supplied.)

At the Court's website, entries on the undersigned's web page on "Motion Practice",  paragraph F. states:
> F. ***Courtesy Copies. One courtesy copy of each motion paper, marked as such, must be submitted to Chambers*** (by mail or delivery to the clerks' office at 600 Church Street, Flint, MI 48502) ***at the same time as service on opposing counsel.*** The courtesy copy should include all referenced ***exhibits tabbed in a neat and easily usable manner.*** Courtesy copies may not be submitted through the ECF system.

(Emphasis supplied.)

unequivocally admitted to response to related interrogatories and document requests demonstrating: "Each and every fact upon which you rely to support your response; (b) The name, address and telephone number of each and every witness who can support your response; (c) Identify each and every document upon which you rely in support of your response."

These discovery efforts in effect seek to have the Plaintiff recant on its contentions in the complaint or produce Plaintiff's entire case in response. Requests for admissions should not be directed toward conclusions of law. *Taylor v. Great Lakes Waste Servs.* 2007 WL 422036, *2(E.D.MI., 2007), *In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr.M.D.Fla.1995) (citing *Fidelity Trust Co. v. Stickney,* 129 F.2d 506 (7th Cir.1942)). Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery. *Id.* (citing *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390 (5th Cir.1969)). *Taylor v. Great Lakes Waste Servs.* 2007 WL 422036, *2 (E.D.Mich.) (E.D.Mich.,2007). *Pickens notes:*

> Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. 4 Moore's Federal Practice, 36.04(2); Wright, Federal Courts, sec. 89 at p. 343. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper. Kasar v. Miller Printing Machine Co., 36 F.R.D. 200 (W.D.Penn., 1964); Lantz v. New York Central R.R. Co., 37 F.R.D. 69 (N.D.Ohio, 1963); Fuhr v. Newfoundland-St. Lawrence Shipping Ltd., 24 F.R.D. 9 (S.D.N.Y.1959).

Accordingly, Tri-County Title's requests to admit numbers 19, 20, 21, 22, 23 ,24, 25, 26, 27, 31 and 32, and related interrogatories numbers 24, 25, 26 ,27 ,30, 32, 33, 34, 35, 39, and 40, and document requests 18, 20, 21, 22, 23, 24, 25, 26, 27, 31, and 32 need not be answered.

The parties will meet and confer on reducing Tri-County Title's discovery requests to appropriate dimensions after the Rule 26(a) exchanges on December 10, and a follow-up hearing

is scheduled for December 19, 2007, to resolve any matters needed. Statements of Resolved and Unresolved Issues need be submitted on or before December 17, 2007, for that hearing in compliance with Local Court Rule LR 5.1.1(c) footnoted above.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Dated: November 15, 2007                               <u>s/ Steven D. Pepe</u>
                                                                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on  November 15, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Allen J.Dyer, John F. Gilhool, Thomas M. Hanson, Charity A. Olson, Peter S. Tangalos, Joseph m. West, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants:Calvin Roberts, 227 Sandy Springs Place, Ste. D-256, Sandy Springs, GA 30328

s/ James P. Peltier

Courtroom Deputy Clerk

U.S. District Court

600 Church St.

Flint, MI 48502

810-341-7850

pete_peltier@mied.uscourts.gov