UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUICKEN LOANS,
        Plaintiff(s),         CASE NO.: 2:07-CV-13143

vs.         DISTRICT JUDGE BERNARD A. FRIEDMAN
        MAGISTRATE JUDGE STEVEN D. PEPE

MELISSA JOLLY, ET. AL.,

        Defendant(s).
        _____/

OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS FOR ALTERNATE SERVICE,
EXTENSION OF TIME AND DEEMED SERVICE (DKTS. # 31 & 34)

      Plaintiff, Quicken Loans, alleges in its July 17, 2007, complaint that the Defendants conspired, in violation of the Racketeer Influenced Corrupt Organizations Act (RICO) to defraud Plaintiff by misrepresenting the value of 16 homes acquired by Defendant Melissa Jolly from Defendants Marva Brooks and/or Ronald Townsend – sellers of the residential property that is the subject of this litigation (Dkt. # 1). Plaintiff alleges that the closing and escrow agents Defendants Stewart Title, Strebor Title and Tri-County Title Agency, Inc. either knew or should have known the fraudulent nature of these transactions, but still closed on the sales. On October 5, 2007, Plaintiff filed a Verified Motion for Alternate Service of Calvin Roberts and Lamyatt Appraisals (Dkt. # 19) which was granted on October 9, 2007 (Dkt. # 20).

      On November 8, 2007, Plaintiff filed a Verified *Ex Parte* Motion for Alternate Service of Defendant Townsend and to Extend Summons as to Brooks and Townsend (Dkt. # 31). On November 16, 2007, Plaintiff filed a Verified *Ex Parte* Motion for Alternate Service of Brooks (Dkt. # 34) asking the Court to deem that service has been made on Defendant Brooks. Both motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A) & (B) (Dkt. # 22).

Plaintiff requests an additional 30 days in which to serve Defendants Townsend and Brooks (Dkt. # 31).[1] In an effort to execute service, Plaintiff obtained a copy of Defendant Townsend's driving record which listed her current address as: 19355 Moross Road; Detroit, MI; 48224 (Dkt. # 31, p. 4). Service at this address was unsuccessful, and a *Request for Change of Address or Boxholder Information Needed for Service of Legal Process* was completed by Plaintiff and submitted to the Postal Service. The Postal Service's response indicated that Defendant Townsend was now receiving mail at: P.O. Box 241521; Detroit, MI; 48224, and the subsequent *Request for Change of Address or Boxholder Information Needed for Service of Legal Process* completed by Plaintiff indicated that Defendant receives mail at this P.O. Box. Plaintiff seeks an Order permitting alternate service by sending the Summons and Complaint to both of Defendant Townsend's Detroit addresses.

Regarding Defendant Brooks, Plaintiff filed a *Request for Change of Address or Boxholder Information Needed for Service of Legal Process* with the Postal Service for Defendant Brooks' last two addresses neither of which provided a current valid address.[2] Plaintiff then filed a *Request for Change of Address or Boxholder Information Needed for Service of Legal Process* on an Alabama address which provided a current forwarding address: 30 Johnny Shirley Road; Ramer, AL; 36069. A *Request for Change of Address or Boxholder Information Needed for Service of Legal Process* on this Ramer, Alabama, address yielded a response of "no change of address on file" indicating that this is likely Defendant Brooks'

---

[1] This additional time is not needed for Defendant Brooks because this Court has deemed her properly served as of November 8, 2007, as noted in the text of this opinion and order with time for her to file an answer extended to January 18, 2008.

[2] Defendant Brooks two prior addresses were as follows: (1) 17155 Santa Rosa Drive; Detroit, MI; 48221 and (2) 69 W. Grand Blvd.; Detroit, MI; 48216 (Dkt. # 31, p. 3).

current address. Plaintiff sent copy of the Summons and Complaint to the Montgomery County, Alabama Sheriff's Department which informed Plaintiff that it intended to make multiple attempts at service.

Supporting Plaintiff's November 15, 2007, motion seeking a declaration of sufficient alternate substituted service upon Defendant Brooks by the Montgomery County, Alabama, Sheriff's Department (Dkt. # 34), Plaintiff attached a Montgomery County Sheriff's Department "RETURN OF SERVICE" form noting that after leaving two notices at Defendant Brooks address on October 31, 2007, and November 1, 2007, Defendant Brooks' son, Eric Brooks, on November 8, 2007, "picked papers up" apparently at the Montgomery County Sheriff's Department (Dkt. # 34, Ex. 1). This mode of service is appropriate under Fed. R. Civ. P. 4(e)(1)[3] and Mich. R. Civ. P. 2.105(I)(1).[4] Because Defendant Brooks has not appeared in the case, seeking her concurrence in this motion is not required under Eastern District of Michigan Local Rule 7.1(a).[5]

---

[3] Fed. R. Civ. P. 4(e)(1): Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

[4] Mich. R. Civ. P. 2.105(I)(1): On a showing that service of process cannot be reasonably made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

[5] E.D. MI Rule 7.1(a): (1) The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1), will be opposed. If the movant obtains concurrence, the parties may make the subject matter of the contemplated motion or request a matter of record by stipulated order. (2) If concurrence is not obtained, the motion or request must state: (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference. (3) The court may tax costs for unreasonable withholding of consent.

Based on the motions and their supporting documents, **IT IS ORDERED AS FOLLOWS:**

1. Plaintiff's motions for alternative service, filed on November 8 and 15, 2007, on Defendants Townsend and Brooks are **GRANTED**.

2. Substitute service upon Defendant Ronald Townsend shall be effected by Plaintiff's counsel mailing a copy of the summons and complaint and a copy of this order **by regular First Class mail and by certified mail with return receipt requested** on Defendant Townsend at both:
    (a.) 19355 Moross Road; Detroit, MI; 48224; and at
    (b.) P.O. Box 241521; Detroit, MI; 48224.

3. Plaintiff's Counsel, as proof of service on Defendant Ronald Townsend, shall certify to the Court after receipt of any signed return receipt or after suitable time for return of any undelivered First Class mail (i.) the date of the mailing of the summons and complaint and copy of this order in compliance with this order, (ii.) whether any signed returned receipt was received, and/or (iii.) whether any undelivered First Class mailing was returned.

4. Defendant Ronald Townsend's deadline for filing an answer to the complaint shall be twenty-three (23) calendar days from the date of the mailing by Plaintiff's counsel or the next business day if the 23rd day falls on a weekend or federal holiday.

5. If no such answer or other suitable motion is filed within the 23 days noted in ¶ 4, Plaintiff's counsel may seek a clerk's default against Defendant Ronald Townsend and thereafter a default judgment if the clerk's default is not set aside.

6. Plaintiff's motion extending time for service upon Defendant Townsend is granted until January 18, 2008.

7. Defendant Marva Brooks is deemed as having been effectively served on November 8, 2007, through receipt of the summons and complaint by her son, Eric Brooks.

8. Defendant Marva Brooks' deadline for filing an answer to the complaint is extended to January 18, 2008.

9. If Defendant Marva Brooks has not filed an answer or other suitable motion by January 18, 2008, Plaintiff's counsel may seek a clerk's default against Defendant Marva Brooks and thereafter a default judgment if the clerk's default is not set aside.

10. A copy of this order as well as another copy of the summons and complaint

shall be served by Plaintiff's counsel on Marva Brooks by First Class mail at: 30 Johnny Shirley Road; Ramer, AL; 36069.

**SO ORDERED.**

Dated: December 19, 2007　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

　　　I hereby certify that on December 19, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to: Allen J. Dyer, John F. Gilhool, Thomas M. Hanson, Charity A. Olson, Peter S. Tangalos, Joseph M. West, and I hereby certify that I mailed a copy to the following non-ECF participant: Calvin Roberts, 227 Sandy Springs Place, Ste. D-256, Sandy Springs, GA 30328

　　　　　　　　　　　　　　　　　　　　　　　s/James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　　　　　　pete_peltier@mied.uscourts.gov