UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUICKEN LOANS,

        Plaintiff,                     CASE NO.: 2:07-CV-13143

vs.                                   HON. BERNARD A. FRIEDMAN
                                       MAG. JUDGE STEVEN D. PEPE

MELISSA JOLLY, et. al.,

        Defendants.
_____/

**OPINION AND ORDER REGARDING DEFENDANT TRI-COUNTY TITLE'S
MOTION SEEKING TO CONDUCT DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE
AND
FOR LEAVE TO ADDITIONAL INTERROGATORIES (DKT. # 21)**

Plaintiff, Quicken Loans, alleges in its July 17, 2007, Complaint that the Defendants conspired, in violation of the Racketeer Influenced Corrupt Organizations Act (RICO) to defraud Plaintiff by misrepresenting the value of 16 homes acquired by Defendant, Melissa Jolly, from Defendants Marva Brooks and/or Ronald Townsend (Dkt. # 1). Plaintiff alleges that Defendants Stewart Title, Strebor Title and Tri-County Title Agency, Inc. were the closing and escrow agents who either knew or should have known the fraudulent nature of the transactions, but still closed on the sales.

Tri-County Title filed this motion seeking to conduct discovery prior to the Rule 26(f) conference and for leave to conduct more than 25 written interrogatories (Dkt. # 21). Because the Rule 26(f) conference was scheduled to be on November 14, 2007, the day prior to the first hearing, the parties agreed that the first issue was moot. Regarding the need for additional discovery, two subsequent hearings have been held on December 19, 2007, and on January 18, 2008.

Following agreement reached at today's hearing, **IT IS ORDERED** that:

1. On or before February 8, 2007, Defendant Tri-County Title will provide new interrogatories to Plaintiff. Interrogatories to which Plaintiff has provided no substantive response shall not be counted toward the 25 written interrogatories generally deemed sufficient for discovery.

2. In light of this, Defendant Tri-County Title's Motion to Conduct discovery prior to 26(f) Conference and serve additional interrogatories (Dkt. # 21) is DENIED as moot.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Dated: January 18, 2007               s/ Steven D. Pepe
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 18, 2008.

                                                s/ Alissa Greer
                                                Case Manager to Magistrate
                                                Judge Steven D. Pepe
                                                (734) 741-2298